UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERICK EDMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-980-TWP-DML |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

## ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the Petition for Writ of Habeas Corpus (Dkt. 1) filed by Petitioner Frederick Edmond ("Mr. Edmond") challenging a prison disciplinary proceeding identified as No. ISR 12-07-0107 in which he was found guilty of possession of an electronic device. For the reasons explained in this Entry, Mr. Edmond's Petition must be **DENIED**.

## I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II.  THE DISCIPLINARY PROCEEDING

On July 23, 2012, Officer S. Reger wrote a Report of Conduct in case ISR 12-07-0107 charging Mr. Edmond with possession of an electronic device.  The Report of Conduct states:

> I officer S. Reger on above date (7/23/2012) and time (11:35 AM) performed a shake down on offender Edmond, Frederick #946735, location HCH 5-5A.  When I walked up to the cell I told him to come to the door to be placed in restraints.  At this time offender Edmond stood up with cell phone in hand and proceeded to the toilet.  Mr. Edmond then broke the phone and placed it into the toilet were [sic] he then attempted to flush the phone.  As offender Edmond was turning toward the toilet he placed a sim card into his mouth.  Offender Edmond then came to the door and restraints were applied.  He was removed from his cell were [sic] he was taken to a shake down booth to be strip searched.  Mr. Edmond continued to refuse to comply to a proper shake down by opening his mouth and letting it be inspected. Offender Edmond was then taken to a shake down booth for observation.  I Officer R. Seger then retrieved the black and blue cell phone (Flip style) from offender Edmond's toilet.  Cell Phone S/N # 32241368318.

On July 26, 2012, Mr. Edmond was notified of the charge of possession of an electronic device and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report."  Mr. Edmond was notified of his rights, pled not guilty, and requested the appointment of a lay advocate.  He did not request any witnesses or physical evidence.

The hearing officer conducted a disciplinary hearing in ISR 12-07-0107 on July 27, 2012, and found Mr. Edmond guilty of the charge of possession of an electronic device.  In making this determination, the hearing officer considered the staff reports and photographic evidence.  The hearing officer recommended and approved the following sanctions:  a written reprimand, three months in disciplinary segregation (suspended), a 90 day deprivation of earned credit time, and a demotion from credit class I to credit class II.

Mr. Edmond appealed this disciplinary proceeding through the administrative process without success.  He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. ANALYSIS

Mr. Edmond asserts the following claims: 1) he was not given twenty-four hours' notice prior to his hearing, and 2) conflicts between the chain of custody form and the Report of Conduct constitute procedural error.

Mr. Edmond's claim that he was not given the required twenty-four hours' notice is not supported by the record. He was screened and given notice of the charge at 7:12 a.m. on July 26, 2012. The log book provided by the respondent shows that Mr. Edmond was taken to his disciplinary hearing at 8:00 a.m. on July 27, 2012, slightly more than twenty-four hours later. Therefore, Mr. Edmond's claim fails.

As to Mr. Edmond's second claim, he argues that the chain of custody form was incomplete and conflicted with the Report of Conduct. As explained in his administrative appeal, this argument fails because the photograph of the cell phone was taken before the telephone had been moved, so the chain of custody issue is irrelevant. In addition, the evidence card was properly filled out.

This claim is in substance a challenge to the sufficiency of the evidence. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an

examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). In this case, the Report of Conduct and the photograph provided sufficient evidence to support the charge. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Mr. Edmond's claim based on insufficiency of the evidence fails.

## IV.  <u>CONCLUSION</u>

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Edmond's Petition for Writ of Habeas Corpus (Dkt. 1) must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date:  01/03/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frederick Edmond, 946735
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana  46064

Kyle Hunter
INDIANA ATTORNEY GENERAL'S OFFICE
kyle.hunter@atg.in.gov